UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANIA SUAREZ, an individual, on behalf of herself and on behalf of all persons similarly situated,<br>Plaintiff,<br>v.<br>VICTORIA'S SECRET STORES, LLC, a Limited Liability Company; and DOES 1 through 50, inclusive,<br>Defendants. | Case No.: 26cv02572 DMS (BJW)<br>**ORDER (1) GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION (2) GRANTING DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS AND (3) GRANTING DEFENDANT'S REQUEST FOR JUDICIAL NOTICE** |

This case comes before the Court on Defendant's motion to compel arbitration, motion to strike class allegations and dismiss the case, and motion for the Court to take judicial notice. Plaintiff filed an opposition and Defendant filed a reply. For the following reasons, the Court grants Defendant's motion to compel, motion to strike, and motion for judicial notice. The Court stays the action pending the completion of Plaintiff's individual arbitration.

## I. BACKGROUND

Plaintiff was a non-exempt hourly employee of Defendant Victoria's Secret Stores, LLC from July 31, 2022, to February 8, 2025. (Decl. of Kristin Oimas ¶ 10.) On behalf of herself and a class of similarly situated employees, Plaintiff filed the present case against Defendant in San Diego Superior Court on February 4, 2026, asserting nine causes of action. She alleges individual and class claims for violations of (1) California Business and Professions Code §§ 17200, *et. seq.*, (2) California Labor Code §§ 1194, 1197 and 1197.1 (failure to pay minimum wages), (3) California Labor Code § 510 (failure to pay overtime wages), (4) California Labor Code §§ 226.7 and 512 (failure to provide required meal periods), (5) California Labor Code §§ 226.7 and 512 (failure to provide required rest periods), (6) California Labor Code § 226 (failure to provide accurate itemized statements), (7) California Labor Code § 2802 (failure to reimburse employees for required expenses), (8) California Labor Code §§ 201, 202, and 203 (failure to provide wages when due), and (9) California Labor Code §§ 201–03, 233 and 246 (failure to pay sick pay wages) (Compl. ¶¶ 44–115.) Defendant removed the case to this Court under the Class Action Fairness Act and filed the present motion.

## II. DISCUSSION

Defendant moves to compel arbitration of Plaintiff's claims pursuant to an arbitration agreement ("Agreement") signed by Plaintiff at the outset of her employment with Defendant. Defendant also moves to strike class allegations in the complaint pursuant to the Agreement's class action waiver.[1] Additionally, Defendant moves for judicial notice

---

[1] Defendant originally moved to dismiss Plaintiff's case. (Mot. to Dismiss 7–8.) Now that Plaintiff has requested a stay in her Opposition under the FAA, both parties agree a stay is appropriate pursuant to *Smith v. Spizzirri*, 601 U.S. 472, 475–76 (2024) ("When a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending arbitration, the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration."). Therefore, this Court stays the action.

of two state-court documents. In support, Defendant submitted a declaration from Kristin Oimas, Director, Employment Practices & Compliance for Victoria's Secret & Co., the parent company of Defendant. Ms. Oimas asserts familiarity with Defendant's process and procedures for hiring employees to work in its California stores.

Plaintiff argues the Agreement excludes Plaintiff's California Business and Professions Code §§ 17200, *et seq.* claim ("UCL claim") and therefore that claim must proceed in this Court. In the alternative, Plaintiff argues the Court must stay the case. Plaintiff also opposes judicial notice of the two state court documents.

## III. LEGAL STANDARD

The Federal Arbitration Act (FAA) governs the enforcement of arbitration agreements involving interstate commerce. *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 232–33 (2013). "The overarching purpose of the FAA. . . is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011). The FAA leaves no place for the exercise of discretion by the district court, but instead "mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" *Kilgore v. KeyBank, Nat. Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)) (emphasis in original). Accordingly, the Court's role under the FAA is to determine "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). If both factors are met, the Court must enforce the arbitration agreement according to its terms.

Arbitration is a matter of contract, and a party "cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Tracer Research Corp. v. Nat'l Envtl. Servs. Co.*, 42 F.3d 1292, 1294 (9th Cir. 1994) (citation omitted). A court must therefore determine whether there is an agreement to arbitrate before ordering arbitration. *Wagner v. Stratton Oakmont, Inc.*, 83 F.3d 1046, 1048 (9th Cir.

1996). State law applies in determining which contracts are binding and enforceable under the FAA, if state law governs the validity, revocability, and enforceability of contracts generally. *Arthur Andersen LLP v. Carlisle,* 556 U.S. 624, 630–31 (2009).

**A. Whether the Agreement Encompasses the Dispute**

The parties do not dispute a valid agreement to arbitrate exists. Thus, the question before the Court is "whether the agreement encompasses the dispute at issue." *See Chiron Corp.*, 207 F.3d at 1130. The Supreme Court has "repeatedly held that ambiguities about the scope of an arbitration agreement must be resolved in favor of arbitration." *Lamps Plus, Inc. v. Varela*, 587 U.S. 176, 189 (2019) (citing *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985), and *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)). Therefore, this Court is bound to interpret the scope of the parties' Agreement liberally.

Under the subheading "Coverage of this Agreement," the Agreement provides:

> This Agreement is intended to be broad and to cover, to the extent permitted by law, all disputes between YOU and Employer that arise, or may have arisen, out of your employment or termination of employment.

ECF No. 5-5 (the "Agreement"), at 2.

The Agreement specifically covers claims brought under "California Labor Code" and "California Business and Professions Code §§ 17200, et. seq." *Id.*

Plaintiff argues her UCL claim, which seeks class-wide injunctive relief, is outside the scope of the Agreement for two reasons. First, Plaintiff argues the Agreement "excludes claims for injunctive relief from arbitration." (Opp'n 5.) Second, Plaintiff argues the Agreement "prohibits the arbitrator from awarding the class-wide relief Plaintiff seeks." (*Id.*)

In support of her first argument, Plaintiff points to the following provision of the Agreement:

The Agreement does not prohibit those limited circumstances under which either

> YOU or Employer find it necessary to seek emergency or temporary injunctive relief, such as a preliminary injunction or a temporary restraining order, from a court that may be necessary to protect any rights or property of YOU or Employer pending the establishment of the arbitral tribunal or its determination of the merits of the dispute.

Agreement 2.

Plaintiff contends this provision excludes injunctive relief from arbitration, placing her UCL claim outside the Agreement's scope.

Defendant argues this provision is a "standard term in an arbitration agreement to preclude circumstances that might otherwise render an arbitration award ineffectual." (Reply 3.) Indeed, this provision simply reinforces the parties' rights under California Code of Civil Procedure 1281.8, which "expressly permits parties to an arbitration to seek preliminary injunctive relief during the pendency of the arbitration." *See Buchsbaum v. Digit. Intel. Sys.*, LLC, No. 20-cv-00706-BAS-AGS, 2020 WL 7059515, at *6 n.4 (S.D. Cal. Dec. 2, 2020); *Wu v. JPMorgan Chase Bank, N.A.*, No. LA CV19-00363 JAK (SKx), 2019 WL 4261880, at *11 (C.D. Cal. Aug. 5, 2019). The provision does not broadly carve out all injunctive relief, as Plaintiff suggests. *See Cedillo v. Artech Info. Sys., LLC*, No. 25-cv-09241-AH-(AYPx), 2026 WL 974280, at *7 (C.D. Cal. Mar. 19, 2026). Rather, as Defendant notes, the carve-out is limited to emergency or temporary injunctive relief. (Reply 3.)

Plaintiff's UCL claim lacks any request for emergency relief, such as a TRO or preliminary injunction. (Compl. ¶¶ 44–58.) Therefore, the Agreement encompasses Plaintiff's UCL claim for injunctive relief.

Plaintiff also gestures to a provision in her Prayer for Relief, which seeks "[a]n order *temporarily*, *preliminarily* and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct." (*Id.*, Prayer for Relief 44 (emphasis added).) However, Plaintiff's request for a temporary injunction in her Prayer for Relief does not take her UCL claim outside the Agreement. Rather, Plaintiff is

authorized to seek a temporary or preliminary injunction in court during the pendency of any arbitration proceeding. (Agreement 2.)

Next, Plaintiff argues her UCL claim is outside the scope of the Agreement because it bars the arbitrator from awarding class-wide relief, which Plaintiff seeks. Defendant argues Plaintiff "makes the untenable leap that since an arbitrator cannot hear claims on behalf of a class, Plaintiff's class claims may therefore, proceed in Court." (Reply 4.)

Plaintiff does not dispute that the class action waiver is valid. "A class action waiver is a promise to forgo a procedural right to pursue class claims." *Laver v. Credit Suisse Securities (USA), LLC*, 976 F.3d 841, 846 (9th Cir. 2020) (citing *Am. Exp. Co.*, 570 U.S. at 234). As the Supreme Court has reinforced, "[i]n the Federal Arbitration Act, Congress has instructed federal courts to enforce arbitration agreements according to their terms—including terms providing for individualized proceedings." *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 502 (2018).

Plaintiff's argument was rejected in *Holman v. Bath & Body Works*, *LLC*, where the language in the class action waiver had nearly identical language to the agreement here. No. 20-cv-01603-NONE-SAB, 2021 WL 5826468, at *9 (E.D. Cal. Dec. 8, 2021). The court found "ample evidence" in the language that the parties intended to settle all employment disputes through individual arbitration. *Id.* at *9, 12–13. So, too, here. The class action waiver reads as follows:

> To the extent permissible by law, there shall be no right or authority for any dispute to be arbitrated as a class action or collective action. . . **THIS MEANS THAT, EXCEPT AS EXPLICITLY PROVIDED HEREIN, ALL DISPUTES BETWEEN YOU AND EMPLOYER THAT ARISE, OR HAVE ARISEN, OUT OF YOUR EMPLOYMENT OR THE TERMINATION OF YOUR EMPLOYMENT SHALL PROCEED IN ARBITRATION SOLELY ON AN INDIVIDUAL BASIS. . . THE ARBITRATOR'S AUTHORITY TO RESOLVE ANY DISPUTE AND TO MAKE WRITTEN AWARDS WILL BE LIMITED TO YOUR INDIVIDUAL CLAIMS.**

Agreement 2 (emphasis in original).

The Court finds the language of the class action waiver shows the parties' intention to submit to individual arbitration. Accordingly, Plaintiff is prohibited from bringing her claims on a class basis.

For the foregoing reasons, the Court finds the Agreement covers the claims in this action.

**B. Defendant's Motion to Strike Class Claims**

Defendant moves to strike the class action claims asserted in Plaintiff's complaint based on the class action waiver. (Reply 4–5.) Plaintiff argues the claims must remain because "Plaintiff and the putative class [require] this forum to pursue [class-wide] injunctive relief the Arbitration Agreement reserves for judicial resolution." (Opp'n 7.) However, as previously noted, Plaintiff does not contend the class action waiver in the Agreement is invalid. Therefore, the Court will enforce the Agreement's class action waiver and strike Plaintiff's class claims.

**C. Defendant's Request for Judicial Notice**

Defendant moves for Judicial Notice of two state court orders from the Santa Barbara County Superior Court. (ECF No. 5-6) ("Exhibits 1 and 2.") Plaintiff argues Defendant's request is flawed for two reasons. First, Plaintiff argues Defendant "fails to state the specific purpose for which [the request] is sought." (Obj. 2.) Second, Plaintiff argues the request is improper because "it seeks to introduce two state court orders . . . without any showing of their precedential or instructive value." (*Id.*)

The Court may take notice of adjudicative facts if they are (1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201. A court "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). However, "[t]o the extent [defendant] wants the existence of published or unpublished cases judicially noticed as adjudicative facts, doing so is of very limited value because . . . the court does not take

judicial notice that those decisions are correct." *Lucero v. Wong*, No. C 10-1339 SI (pr), 2011 WL 5834963, at *5 (N.D. Cal. Nov. 21, 2011). Additionally, the Court "routinely considers such legal authorities in doing its legal analysis without a party requesting that they be judicially noticed." *Id.*; *see Nguyen v. Cavalry Portfolio Servs., LLC*, No. 15-CV-0063-CAB-BLM, 2015 WL 12672149, at *2 (S.D. Cal. Feb. 20, 2015). Accordingly, the Court takes judicial notice of Exhibits 1 and 2 only to the extent that these documents exist, and not for the truth of the matters asserted therein. *See Bogavac v. El Pollo Loco, Inc.*, No. 25-cv-0339-MMA-BLM, 2025 WL 1177541, at *4 (S.D. Cal. Apr. 23, 2025); *In re Kintner*, No. 21-cv-03280-FWS, 2022 WL 16529531, at *4 (C.D. Cal. Oct. 28, 2022).

## IV. CONCLUSION AND ORDER

For the reasons set out above, the Court grants Defendant's motion to compel arbitration, motion to strike class allegations in the complaint, and motion for judicial notice. The Court stays the action pending the completion of Plaintiff's individual arbitration.

**IT IS SO ORDERED**.

Dated: August 27, 2026

Hon. Dana M. Sabraw
United States District Court